## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

**ADAM M. DILTS and RACHEL M.**
**DILTS, Husband**

      **Plaintiffs,**

**v.**                                                              **Case No: 5:16-cv-453-Oc-37PRL**

**WELLS FARGO BANK, N.A.**

      **Defendant.**

_____

## REPORT AND RECOMMENDATION[1]

In this motion, Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") requests that the Court transfer venue to the District Court of Oregon pursuant to 28 U.S.C. § 1404(a).   (Doc. 35). Wells Fargo does not dispute that venue is appropriate in this Court; rather, it argues that the District Court of Oregon would be more convenient.[2]

On September 16, 2016, I entered a Report and Recommendation, recommending that Defendant's initial motion to transfer venue be denied.   (Doc. 30).   Shortly thereafter, <u>but before</u> the District Judge ruled upon the Report and Recommendation, Defendant filed a notice of withdrawal of its motion (Doc. 32) and the District Judge terminated the Report and

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.   *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

[2] "Section 1404(a) presupposes that the district where the case is filed is a less convenient, yet proper, district to pursue the action; [and where] venue is improperly laid ... transfer of the case is governed by § 1406(a)."   *Story v. Purdy*, No. CA 06-0224-C, 2006 WL 2374841, at *4 n.5 (S.D. Ala. Aug. 16, 2006).

Recommendation. (Doc. 36). Although the instant motion is filed as a "renewed" motion, the parties seem to be in agreement that the standard for a motion for reconsideration should be applied. (Doc. 35 at 4, Doc. 47 at 3-4). However, because the Report and Recommendation was terminated, there is no pending ruling for the Court to reconsider. Accordingly, I find that the instant motion is more properly treated as a renewed motion to transfer venue. However, with that said, I submit that the renewed motion should also be denied.

## I.  BACKGROUND

In their Complaint, Plaintiffs, Adam Dilts and Rachel Dilts allege that Defendant violated the Telephone Consumer Protection Act of 1991 ("TCPA"), the Florida Consumer Collection Practices Act ("FCCPA"), and the Fair Credit Reporting Act ("FCRA") in its efforts to collect an alleged mortgage loan debt.

The underlying mortgage relates to property located in Salem, Oregon. On or about June 12, 2006, Plaintiffs signed a promissory note payable to ComUnity Lending and a trust deed securing the promissory note. Wells Fargo was the successor in interest. On April 9, 2013, a general judgment of foreclosure was entered in the judicial foreclosure suit and Defendant foreclosed its security interest, secured by the trust deed. Plaintiffs allege that under Oregon Revised Statutes ("ORS") § 86.797(2), the judgment of foreclosure extinguished Plaintiff's interest in the property and Wells Fargo no longer had the right to enforce the obligation under the Deed of Trust.

Plaintiffs claim that Defendant nonetheless continued to send collection statements and made repeated autodialed calls to their cellular phone (an Oregon phone number) in efforts to collect the debt and also reported inaccurate credit information to credit consumer agencies. Plaintiffs allege that they have disputed the inaccurate information with Wells Fargo and the credit

agencies.   In December 2014, Plaintiffs (while living in Florida), hired an Oregon law firm, Watkinson Laird Rubenstein & Burgess, P.C., to dispute the alleged inaccurate credit information. (Doc. 15-1).   Plaintiffs allege that despite these actions, the purportedly illegal collection efforts continued.

On July 6, 2016, Plaintiffs filed this action alleging that they reside in Ocala, Marion County, Florida and that the collection efforts for which they seek recovery in this action occurred in Marion County, Florida.   (Doc. 1 at ¶¶ 3-4).   The Court's initial Report and Recommendation was based on this information.

Now, in its renewed motion, Defendant asserts that it recently discovered that "Plaintiffs Adam M. Dilts and Rachel M. Dilts now reside in Oregon and resided in Oregon at the time the Court heard Wells Fargo's original motion."   In response, Ms. Dilts filed an affidavit in which she avers that they resided in Ocala, Florida from July 2014 through August 2015, when they moved to New Port Richey, Florida.   (Doc. 47-1).   She further states that in July 2016 (the same month that they filed this action), they decided to "temporarily return" to Oregon because Mr. Dilts' father was diagnosed with a terminal illness.   Other than stating that she and her husband have intended to reside and raise their family in Florida, she does not definitively state when or even if they will be returning to Florida.[3]   However, Ms. Dilts confirms that the collection efforts at issue here all occurred during the two-year period of time between when they moved to Florida in June 2014 and the filing of the Complaint in this action in July 2016.

---

[3] Defendant also filed recent letters that Plaintiffs sent to the Claims Administrator in a pending class action matter venued in District Court for the Northern District of Georgia to advise of their intention to opt out of the settlement class.   (Doc. 51-1).   Both letters, on letterhead for Plaintiffs' counsel and dated November 21, 2016, list the address for Plaintiffs as "34651 Seavey Way, Eugene, Oregon 97405."   (Doc. 51-1 at 5-6).

## II.    LEGAL STANDARD

Title 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."    The party seeking transfer under § 1404(a) has the burden of establishing that the transferee forum is more convenient and that transfer is appropriate.   *Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.,* 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (quoting *In re Ricoh Corp.,* 870 F.2d 570, 573 (1989)).   Ultimately, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 260 (11th Cir.1996) (internal quotation marks omitted).

In determining whether to transfer venue under § 1404(a), the court must engage in a two-step inquiry.   *Ali v. Hudson Insur. Co., et al,* No. 3:15-cv-816-J-34PDB, 2016 WL 1090018, at *2 (M.D. Fla. March 21, 2016).   First, the court must determine whether the alternative venue is one in which the action could originally have been brought.   *Id.*   Then the court must consider "whether the transfer would be for the convenience of the parties and witnesses and in the interest of justice."   *Id.*   The Eleventh Circuit has identified nine factors for the court to consider:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).

## III.      DISCUSSION

### A.  Action "might have been brought" in the District Court of Oregon

The Court must first determine whether this action "might have been brought" in the forum proposed by Defendant – the District Court of Oregon.   28 U.S.C. § 1404(a).   An action might have been brought in a proposed transferee court if: "(1) the court has subject matter jurisdiction, (2) venue is proper, and (3) the defendant is amenable to process."   *Andersons, Inc. v. Enviro Granulation, LLC*, No. 8:13-CV-3004-T-33MAP, 2015 WL 2025590, at *6 (M.D. Fla. Apr. 30, 2015).   Here, there is no dispute that the first and third requirements are satisfied.[4]

However, there is disagreement as to whether venue is proper in Oregon.   Pursuant to the federal venue statute, a civil action may be brought in –

> (1) A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

In its initial motion, Defendant argued that venue is proper under subsection (b)(2) because "the underlying acts or omissions occurred in and relate to a property located in Salem, Oregon." (Doc. 14 at 5).   Perhaps recognizing that it was a losing argument, Wells Fargo has now shifted its argument to focus on subsection (b)(1) which provides that a civil action may be brought in "a

---

[4] The Oregon court would have subject matter jurisdiction over this action as the case presents federal questions under 28 U.S.C. §1331 and Wells Fargo concedes that it is subject to personal jurisdiction in Oregon.   (Doc. 35 at 6).

judicial district in which any defendant resides." (Doc. 35 at 5-6). According to the statute, a defendant company resides in a district when "such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. §1391 (c)(2). Because Wells Fargo concedes that it is subject to personal jurisdiction in Oregon, Wells Fargo also "resides" there for the purposes of venue. Thus, venue is proper in Oregon. (Doc. 35 at 6).

Plaintiffs argue that Defendant has waived this new venue argument because it was not raised in its initial motion to transfer venue. (Doc. 47 at 12, 14-16). However, as discussed *supra*, the Court has declined to treat this as a motion for reconsideration, and thus, Defendant's alternative venue argument is properly considered.

Accordingly, I submit that this action "might have been brought" in the District Court of Oregon.

### B.  Plaintiffs' choice of forum is not outweighed by other considerations

However, despite prevailing on the first prong, Defendant failed to meet its burden to show that Plaintiffs' choice of forum – the Middle District of Florida – is "clearly outweighed by other considerations." *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).

Although Plaintiffs initiated this action in the Middle District of Florida, they are currently living in Oregon and it is unclear when or if they intend to return to Florida. Courts have accorded less deference to a plaintiff's choice of forum where the plaintiff does not reside in the district. *See e.g., Rigby v. Flue-Cured Tobacco Co-op Stabilization Corp.*, 2006 WL 1312412, at *5 (M.D. Georgia, May 11, 2006) (choice of forum entitled to less weight where Plaintiff did not reside within district and majority of operative events occurred outside of district). However, even if Plaintiff's choice is accorded less deference, as discussed *infra*, Defendant has failed to show that a transfer to the District Court of Oregon "would be for the convenience of the parties and

witnesses and in the interest of justice." *Ali v. Hudson Insur. Co., et al,* No. 3:15-cv-816-J-34PDB, 2016 WL 1090018, at *2 (M.D. Fla. March 21, 2016).

### 1.  **Locus of operative facts**

Here, a reading of the Complaint makes clear that all of Plaintiffs' claims are predicated on specific allegations of unlawful debt collection actions by Defendant directed at Plaintiffs in the Middle District of Florida.   While the Oregon foreclosure was "a necessary event, in a causal sense," because it gave rise to the purported mortgage loan debt that Defendant has been attempting to collect, the Oregon foreclosure is not "an event giving rise to [Plaintiffs'] claim because it was not itself wrongful." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1372 (11th Cir. 2003).[5]

In Count I of the Complaint, Plaintiffs allege that Wells Fargo violated the TCPA by repeatedly placing non-emergency calls to Rachel Dilts' cellular telephone number in Florida using an automated telephone dialing system and/or prerecorded or artificial voice message without Plaintiffs' prior express consent, and after Plaintiffs instructed Wells Fargo to discontinue calling.   Clearly, the foreclosure action and the Oregon property do not give rise to Plaintiffs' TCPA claim and do not have a "close nexus to the wrong." *Seminole Transp. Specialists, Inc.* 2009 WL 3822773, at *3.   Moreover, the fact that Ms. Dilts has an Oregon phone number is not significant to the analysis because she has offered sworn testimony that she received the subject phone calls while residing in the Middle District of Florida.   (*See* Doc. 47-1 at ¶8).

---

[5] In *Jenkins*, the Eleventh Circuit cited with approval the Eighth Circuit's analysis in *Woodke v. Dahm*, 70 F.3d 983 (8th Cir.1995).   In *Woodke*, the Eighth Circuit denied the argument that venue in a breach of contract action was appropriate in the jurisdiction in which the product at issue was manufactured and in which the "agreement between the plaintiff and defendant was executed," finding that "[t]hese activities [had] an insubstantial connection with the kinds of events that give rise to a claim," and that while "[i]t is true that manufacturing the [products] was a necessary event, in a causal sense, to an attempt to pass them off," the court held that manufacturing was not "an event giving rise to [the plaintiff's] claim because it was not itself wrongful." *Id.* at 985-6.

Likewise, in Count II, Plaintiffs allege that Wells Fargo violated the FCCPA in three different ways by: willfully communicating with Plaintiffs with such frequency as can reasonably be expected to harass Plaintiffs; attempting to enforce a debt knowing that the debt is not legitimate; and willfully communicating with Plaintiffs knowing that they were represented by an attorney with respect to such debt.   In Count III, Plaintiffs allege that Wells Fargo violated the FCRA by failing to correct inaccurate information that was reported to the consumer reporting agencies.

Accordingly, the alleged wrongful activity of the Defendant directly affected the Plaintiffs in the Middle District of Florida, while they resided here, and the resulting harm would have occurred to them personally here as well.   Plaintiffs concede that the validity of the underlying debt could become an issue with respect to their claims under the FCCPA and FCRA, and while that issue could turn on the application of an Oregon statute, it does not shift the locus of operative facts away from this District, which has more connections to the alleged wrongs in this case. Thus, this factor weighs against transfer.

### 2.  **Convenience of the parties**

Defendant argues that the District Court of Oregon is more convenient for Plaintiffs because they are currently living in Oregon.   Plaintiffs, however, continue to oppose the transfer of this case and they would seemingly be the best judge of which district is more convenient for them.   Moreover, Wells Fargo has failed to show that proceeding in Oregon would *in fact* be more convenient for Wells Fargo.   Based on the Declaration of John Heyse (Doc. 14-1), Wells Fargo is a national banking association, chartered and with a principal place of business in South Dakota; Wells Fargo does business throughout all 50 states; and Wells Fargo Home Mortgage (the business line for the mortgage account at issue) is primarily headquartered in Des Moines, Iowa.   Thus,

regardless of whether this case remains in Florida or is transferred to Oregon, Wells Fargo will be forced to litigate this case in a foreign venue.   As such, Wells Fargo has not shown that this factor points meaningfully in its favor.

### 3. Convenience of witnesses

The Middle District of Florida gives "great weight" to the convenience of witnesses. *Suomen Colrize Oy v. DISH Network, LLC*, 801 F.Supp.2d 1334, 1338 (M.D. Fla. 2011). However, its significance is diminished when the witnesses, although in another district, are employees of a party and their presence at trial can be obtained by that party.   *Trinity Christian Center of Santa Ana, Inc. v. New Frontier Media, Inc.,* 761 F.Supp.2d 1322, 1327 (M.D. Fla. 2010) (citing *Mason v. Smithkline Beecham Clinical Labs.,* 146 F.Supp.2d 1355, 1361–62 (S.D.Fla.2001)).   In weighing the convenience of witnesses, "the court must qualitatively evaluate the materiality of the testimony that the witness[es] may provide" in the case, and may not just compare the number of witnesses in each forum.   *Gonzalez v. Pirelli Tire, LLC*, No. 07-cv-80453, 2008 WL 516847, at *2 (S.D. Fla. Feb. 22, 2008) (internal quotation marks and citations omitted).

Here, Defendant states that the primary witnesses will be Plaintiffs and witnesses from Wells Fargo Home Mortgage, all of whom are based in either Des Moines, Iowa or Minneapolis, Minnesota.   (Doc. 14-1).   The only non-party witnesses identified by Defendant are "witnesses to the Oregon foreclosure action, including Oregon foreclosure counsel and Plaintiff's Oregon attorney."   (Doc. 35 at 8).   However, because the validity of the underlying foreclosure is not at issue in this case, it seems unlikely that the testimony of the Oregon lawyers would be material.[6]

---

[6] While the validity of the underlying debt could become an issue with respect to Plaintiffs' claims under the FCCPA and FCRA, the issue turns on interpretation of Oregon law and the effect of the foreclosure decree – not on the validity of the foreclosure proceedings.

Accordingly, because neither party has presented evidence of material nonparty witnesses, this factor is neutral.

### 4.  Location of relevant documents and access to sources of proof

This factor examines the location of sources of documentary proof and other tangible materials, and the ease with which the parties can transport them to trial.   Defendant concedes that most of the pertinent documents are accessible via electronic format and available anywhere. (Doc. 35 at 9).   However, Defendant nonetheless contends that this factor weighs in favor of transfer because the property records and documents in the underlying foreclosure action are "located in the Marion County Clerk's Office and in the Marion County State Courthouse, both located in Salem, Oregon [and also] the books and records of the parties' attorneys in the foreclosure action."   *Id.*   Even if these records and documents are relevant, it seems likely that they could be obtained and authenticated without the necessity of litigating the case in Oregon in order to introduce the originals into evidence.   Moreover, Defendant's speculation that Plaintiffs may have documents with them in Oregon does not tilt this factor in favor of transfer.

### 5.  Familiarity with governing law

The Complaint alleges violations of two federal statutes (TCPA and FCRA) and one Florida statute (FCCPA).   Both courts are equally familiar with federal law, while this Court is presumed to be more familiar with Florida law.   *Elite Advantage, LLC v. Trivest Fund, IV, L.P.,* No. 15-22146-CIV, 2015 WL 4982997, at *13 (S.D. Fla. Aug 21, 2015).   Nonetheless, Defendant argues that this case should be adjudicated in the District Court of Oregon because the Court may be called upon to apply Oregon foreclosure law with respect to Plaintiffs' claims under the FCCPA and the FCRA.   Presumably, the Oregon court would be more familiar with Oregon law, although

at the hearing, defense counsel explained that the law on judicial foreclosures is not well-established in Oregon and it is unlikely that there is any governing authority on the issue.

At most, this factor is neutral as to transfer because both Courts could address the federal claims and each would be called upon to apply law from the state in which they sit as well as law from another jurisdiction.

### 6. Trial efficiency and interests of justice

The final factors of trial efficiency and the interests of justice do not support transfer to the District Court of Oregon. Defendant argues that this factor favors a transfer because statistics show that the Middle District of Florida's docket is more congested than the Oregon dockets. However, Defendant also notes that the average time from filing to disposition is actually more than two months faster in the Middle District of Florida.

Defendant also asserts that a transfer would be in the interest of justice because the property is located in Oregon and the root of the Complaint lies with an Oregon statute. (Doc. 35 at 12). However, those concerns were already addressed, and thus, they offer no additional information to assess the appropriateness of a transfer.

## IV. RECOMMENDATION

Because Defendant failed to meet its burden to show that Plaintiffs' choice of forum is "clearly outweighed by other considerations," I submit that Defendant's renewed motion to transfer this case to the District Court of Oregon (Doc. 35) should be denied.

Recommended in Ocala, Florida on December 20, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy